UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER TURNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | 1:14-cv-941-SEB-MJD |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Motion to Alter or Amend Judgment**

The Court entered Final Judgment in this action on June 1, 2016, after concluding that the petitioner's petition for a writ of habeas corpus was barred by the one-year statute of limitations. Presently before the Court is the petitioner's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

The purpose of a Rule 59(e) motion is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013).

The petitioner argues that the Court should have determined that equitable tolling precluded his claims from being barred by the one-year statute of limitations. The petitioner acknowledges that his conviction became final on April 2, 2008, and thus he had until April 1, 2009 to file his habeas petition or to toll the limitations period by filing a state post-conviction petition, but that he did neither until April 20, 2009. However, the petitioner maintains that the

prison unit in which he was housed was on "restricted movement/lockdown" status for several significant periods from April 1, 2008, to April 1, 2009, which precluded him from adequately researching and preparing his petition. To prove this, he attaches evidence listing six dates during this one-year period that his housing unit was on restricted movement status, which, he maintains, only includes some of the days his movement was restricted.

"A Rule 59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *United States v. Resnick*, 594 F.3d 562, 569 (7th Cir. 2010) (quoting *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)). The petitioner never presented the evidence regarding his housing unit's restricted movement status to the Court prior to final judgment even though this evidence was equally available then. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) ("[M]otions under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered."). But more importantly, the petitioner never argued that there was a basis to equitably toll the statute of limitations. The failure to raise this argument and present this new evidence prior to final judgment prevents the petitioner from doing so in a Rule 59(e) motion. *See Resnick*, 594 F.3d at 569.

For these reasons, the petitioner's Rule 59(e) motion to alter or amendment the judgment [Dkt. 16] and his amended motion [Dkt. 17] are both **denied**.

**IT IS SO ORDERED.**

Date: 7/13/2016

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher Turner
No. 978168
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronically Registered Counsel